IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil Action No. 00-0491 |
| DAVID R. STINSON and JOYCE H. STINSON, | ) |
| Defendant. | ) |

MEMORANDUM

Gary L. Lancaster  March 1(, 2011
Chief Judge

  This is an action by the United States to collect federal income tax assessments made against David and Joyce Stinson for tax years 1985-1988 and 1991. This court entered judgment against the Stinsons on September 18, 2001 in the amount of $152,239.34, plus interest. The Court of Appeals for the Third Circuit affirmed the judgment on October 9, 2002. The case remained essentially dormant until October of 2010 when the United States began garnishment proceedings against the Stinsons' assets in an attempt to collect the outstanding judgment. At the time, the total amount due was $271,203.63.

  Several motions related to these garnishment proceedings are before the court. On January 13, 2011, the Stinsons filed a motion to compel service of the writs of

garnishment obtained by the government in October of 2010 [doc. no. 40]. On the same day that the government filed its response to the Stinsons' motion to compel, the government filed a motion to compel the Stinsons to respond to interrogatories and document requests, which had been served on May 3, 2010 [doc. no. 44]. Lastly, on February 9, 2011, the Stinsons filed a motion to transfer the case and for a hearing [doc. no. 50]. For the reasons set forth below, both of the Stinsons' motions are denied, and the government's motion to compel is granted.

I.  Stinsons' Motions to Compel and to Transfer

The Stinsons contend that they did not receive any notice that writs of garnishment had been issued in October of 2010 until January 25, 2011. This contention is not supported by the record. Because the record reflects that the Stinsons received notice of the writs of garnishment no later than October 25, 2010, both of the Stinsons' motions must be denied.

On January 13, 2011, Louis Rosenberg, who was admitted to this court pro hac vice two days prior, filed a motion to compel the United States to provide the Stinsons with a copy of the writs of garnishment in accordance with 28 U.S.C. § 3205(c)(3). Specifically, attorney Rosenberg

requested "...an order compelling the Government to cause a notice to be issued to the Stinsons, through their counsel (this office)..." [doc. no. 40 at ¶ 1.1]. Attached to the motion were affidavits from both David and Joyce Stinson stating that the United States had not served them with a copy of any writ of garnishment as of January 13, 2011.

In later papers filed with the Court, the Stinsons stated that they first "personally" received the information required by section 3205(c)(3) and the related notice required by 28 U.S.C. § 3202(b) on January 25, 2011 when the government attached to its brief in response to the Stinsons' motion to compel a copy of documents that had been sent to attorney Mark Krauland. [doc. no. 50 at ¶¶ 2.7, 2.8, 3.2, and 3.3; doc. no. 43 at 2, and Ex. D]. The government sent those documents, which consisted of more than sixty (60) pages, to Mr. Krauland via certified mail on October 22, 2010. Mr. Krauland signed for the documents on October 25, 2010. As detailed in a cover letter addressed to Mr. Krauland, included were notices of post-judgment garnishment issued by the Clerk of Court, instructions to the debtors and the garnishees regarding filing objections, requesting a hearing, and answering the writ, and copies of the applications for writs of garnishment, the notices of garnishment, and the writs of

3

continuing garnishment. [see doc. no. 43, Ex. D]. In addition to receiving these paper copies by certified mail, the Court has confirmed that Mr. Krauland received electronic copies of the government's applications for writs of garnishment and an electronic notice from the Clerk of Court that the writs had been issued on October 14, 2010. [see Notices of Electronic Filing for doc. nos. 27 and 28 and resultant Clerk's issuances].

The Stinsons concede that the documents sent to Mr. Krauland by certified mail in October of 2010 satisfy all notice requirements of sections 3205(c)(3) and 3202(b). [doc. no. 50 at ¶¶ 2.8 and 2.9]. The Stinsons also concede that the government satisfies its obligation to provide notice to them under those statutes by forwarding documents to their attorney. [see doc. no. 40 at ¶ 1.1 (requesting an order compelling the government to issue notice to the Stinsons "through their counsel")]. However, the Stinsons apparently contend that the government could not, and did not, provide notice to them when it sent documents to Mr. Krauland via certified mail on October 22, 2010. We disagree.

Mr. Krauland has been an attorney of record for the Stinsons since this case began in 2000. He has never withdrawn his appearance. He has been, and still is,

listed in this Court's electronic case filing system as a recipient of all electronic filings made in this case. Moreover, Mr. Krauland participated in several phone conversations with the government regarding this matter between June and October of 2010. Although the Stinsons have recently obtained additional counsel in Texas, where they reside, at the time the writs were issued in October of 2010 Mr. Krauland was the only counsel of record for the Stinsons. He remains counsel of record for the Stinsons to this day, irrespective of Mr. Rosenberg's recent entry of his appearance pro hac vice and designation of himself as "Lead Counsel". As such, the Stinsons received the notices required under sections 3205(c)(3) and 3202(b) when Mr. Krauland received the package of documents described above on October 25, 2010. We therefore deny the Stinsons' motion to compel service of the information required by section 3205(c)(3) [doc. no. 40]. The Stinsons received the information requested in that motion more than two months before the motion was filed.

Because we find that the Stinsons received the notice required by section 3202(b) no later than October 25, 2010, we must also deny the Stinsons' motion to transfer venue pursuant to 28 U.S.C. § 3004(b)(2) and request for a hearing pursuant to 28 U.S.C. § 3202(d) [doc.

5

no. 50]. Section 3004(b)(2) permits a debtor to request that the action in which the writ was issued be transferred to the district court for the district in which the debtor resides. The Stinsons reside in Texas, not Pennsylvania, and have asked that this case be transferred to the United States District Court for the Western District of Texas in accordance with section 3004(b)(2). If the debtor makes this request, the statute provides that the case "shall be transferred." 28 U.S.C. § 3004(b)(2). However, the statute requires that the debtor make its request within twenty (20) days of receiving the notice described in section 3202(b). The Stinsons received this notice on October 25, 2010. Therefore, by statute, the Stinsons' motion to transfer venue was due on November 15, 2010. The Stinsons did not file their motion requesting a transfer of venue until February 9, 2011. The motion is untimely, and is denied on that basis.

Similarly, section 3202(d) permits a debtor to request a hearing in order to move to quash the writs, and provides that the Court "shall hold a hearing" if one is requested. 28 U.S.C. § 3202(d). However, again, the debtor must request this hearing within twenty (20) days of receiving the notice described in section 3202(b). Id. As with the Stinsons' motion to transfer venue, their request

6

to hold a hearing was due on November 15, 2010, making the Stinsons' February 9, 2011 request for a hearing untimely. We deny their request on that basis.

II. <u>Government's Motion to Compel</u>

The United States has filed a motion to compel responses to interrogatories and document requests. [doc. no. 44]. The government issued these discovery requests to the Stinsons in May of 2010. The Stinsons did not respond. However, they have now conceded that they are required to respond to those discovery requests. [doc. no. 47 at ¶ 1]. In their response to the government's motion, the Stinsons asked that the Court give them until March 1, 2011 to do so. That deadline has now passed, and the Court presumes that the Stinsons have now responded. To the extent the Stinsons have not yet responded to the interrogatories and document requests, they are ordered to do so within seven (7) business days.

An appropriate order will be entered contemporaneously with the filing of this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 00-0491 |
| DAVID R. STINSON and JOYCE H. STINSON, | ) |
| Defendant. | ) |

ORDER

AND NOW, this 11th day of March, 2011, IT IS HEREBY ORDERED that the Stinsons' motion to compel service [doc. no. 40] and motion to transfer case and request for a hearing [doc. no. 50] are DENIED for the reasons set forth in the accompanying memorandum.

IT IS FURTHER ORDERED that the United States' motion to compel responses to interrogatories and requests for the production of documents is GRANTED. If the Stinsons have not yet responded to those discovery requests, their responses are due within seven (7) business days of the entry of this order on the Court's docket.

BY THE COURT,

/s/ _____, C.J.